

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-91,267-01

### EX PARTE LAWRENCE JOINER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13,679A IN THE 21ST DISTRICT COURT
### FROM BASTROP COUNTY

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.

### DISSENTING OPINION

In November of 2009, Applicant pled guilty to aggravated robbery and went to the jury for punishment, which assessed a term of thirty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Joiner v. State*, No. 03-09-00694-CR, 2010 WL 3058826 (Tex. App.—Austin, Aug. 3, 2010) (mem. op., not designated for publication). More than ten years later, in March of 2020, Applicant filed his first post-conviction application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.07. In it, he contends, among other things, that the State presented false testimony at his punishment hearing. Today, the Court grants Applicant relief in the form of a new punishment hearing, concluding that testimony presented by the State was false, or at least created a false

impression with the jury. In my view, even if it were appropriate to grant relief on the merits of this claim, it should probably be barred by laches.

A co-defendant testifying at the punishment phase of Applicant's trial advised the jury that he had made a deal with the State to testify against Applicant in exchange for a ten-year sentence in the penitentiary. This was apparently accurate enough at the time. But within two weeks of his testimony, the co-defendant obtained a period of three years' deferred adjudication instead, apparently due to a unilateral change of heart on the part of the prosecutor. The State notified Applicant's trial counsel of this change in circumstances, but trial counsel apparently did nothing with that information.

More than ten years after this disclosure, Applicant filed his post-conviction application for writ of habeas corpus in the convicting court, complaining for the first time that his co-defendant's trial testimony regarding his deal with the State constituted false evidence. I have my doubts. Never mind that there is nothing to suggest that the co-defendant was lying when he testified. If a ten-year sentence is what the co-defendant honestly expected to receive at the time he was testifying, then that is what a jury would rightly regard as the expectation that might color his testimony; not the punishment he may in fact have ultimately received because of a prosecutor's later, unilateral change of heart. I am not at all sure these facts establish that false evidence was used, or a false impression left with the jury, at the punishment phase of Applicant's trial.

But even accepting that a claim of false evidence would nevertheless be available on these facts, at this point we should at least consider whether it is barred by laches. Applicant has had ten years to investigate his conviction for purposes of an initial post-conviction application for writ of habeas corpus. Even the most superficial of post-

conviction investigations should long ago have revealed what Applicant's trial counsel in fact already knew (and presumably would have readily shared with Applicant or habeas counsel, at least upon request)—that, in retrospect, the co-defendant's testimony about his deal with the State did not reflect the reality of what ultimately happened.

Is this not the quintessential example of an applicant who has been sleeping on his rights? I would not grant relief on Applicant's false evidence claim without at least first remanding the cause to the convicting court for a laches inquiry. *See Ex parte Smith*, 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("A ten-and-a-half year delay is extraordinary . . . [and] is significant enough for this Court to justly ask whether [an applicant's] claim should be precluded by laches.").

Because the Court does not, I respectfully dissent.


FILED:                    June 30, 2021
DO NOT PUBLISH